943 F.2d 52
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Doyle W. TURNER, Petitioner-Appellant,
v.
Stephen SMITH, Warden, Luther Luckett Correctional Complex,
Fred Cowan, Attorney General, Respondents-Appellees.
 No. 91-5496.
 United States Court of Appeals, Sixth Circuit.
 Sept. 16, 1991.
 
 1
 Before RYAN and ALAN E. NORRIS, Circuit Judges, and BELL, District Judge.*
 
 ORDER
 
 2
 Doyle W. Turner, a Kentucky state prisoner, appeals pro se from the dismissal of his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Turner was convicted following a jury trial of second degree rape and second degree sodomy. The jury recommended a sentence of ten years on each count. He was then found guilty of being a second degree persistent felony offender, and the sentences were enhanced to fifteen years each. However, the trial court set the maximum sentence at twenty years. Turner succeeded in having his conviction as a persistent felon vacated in a post-conviction proceeding. He was then resentenced to the original ten years for each count. The total sentence therefore remained at twenty years. He appealed this result, arguing that he had been denied a new presentence investigation prior to the resentencing. The Kentucky Supreme Court found this error harmless, as the trial court had no discretion in setting the new sentence. In this habeas petition, Turner argues that he was entitled to a presentence investigation and that the Kentucky Supreme Court erred in its determination that Kentucky law deprived the trial judge of discretion in sentencing. The district court dismissed the petition on the ground that it failed to raise a constitutional claim.
 
 
 4
 Upon consideration, it is concluded that this petition raises issues of state law only, and there is therefore no basis for granting federal habeas relief. See Olsen v. McFaul, 843 F.2d 918, 933 (6th Cir.1988). The Kentucky Supreme Court's findings regarding state law are binding on the federal courts. See Wainwright v. Goode, 464 U.S. 78, 84 (1983) (per curiam). Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert Holmes Bell, U.S. District Judge for the Western District of Michigan, sitting by designation